UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANNY HANNA | CIVIL ACTION |
| VERSUS | NO. 14-1088 |
| SHELL EXPLORATION AND PRODUCTION, INC., ET AL. | SECTION "N"  (1) |

### ORDER AND REASONS

Presently before the Court is a motion for remand (Rec. Doc. 6) filed by Plaintiff, Danny Hanna. Having carefully considered the parties' submissions and applicable law, **IT IS ORDERED** that the motion is **GRANTED**. Accordingly, **IT IS FURTHER ORDERED** that this matter is **REMANDED** to Civil District Court for the Parish of Orleans, State of Louisiana.

### Law and Analysis

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S. Ct. 459 (2001). Furthermore, federal courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*. Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. *See Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because the federal removal statute should be strictly construed in favor of remand, any ambiguities in the state court petition are construed against removal. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Here, Defendants relied on 28 U.S.C. § 1441 and §1331 in removing this action from Louisiana state court to federal court. Congress allows for such removal when a plaintiff's complaint alleges a claim "arising under" the Constitution or laws of the United States. 28 U.S.C. § 1441; *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 6 (2003).  A case "aris(es) under" federal law within the meaning of 28 U.S.C. § 1331 if a well-pleaded complaint establishes either (1) that federal law creates the cause of action or (2) that the plaintiff's right to relief necessarily implicates significant federal issues.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g. Manu.*, 545 U.S. 308, 312 (2005)(citations omitted);  *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983).

For the first category of cases, the artful pleading doctrine, an independent corollary to the well-pleaded complaint rule, prevents a plaintiff from defeating removal by "artfully avoiding any suggestion of a federal issue." *Bernhard v. Whitney Nat. Bank*, 523 F.3d 546, 551 (5th Cir. 2008). The artful pleading doctrine applies: (1) "where state law is subject to complete preemption" or (2) "when Congress has . . . expressly provided for the removal of particular actions asserting state law claims in state court." *Roland v. Green*, 675 F.3d 503, 520 (5th Cir. 2012)(internal citations omitted), *aff'd*, 134 S.Ct. 1058 (2014);  see also *Bernhard*, 523 F.3d at 551(quoting *Beneficial Nat. Bank*, 539 U.S. at 11)("Federal question jurisdiction therefore exists where, because state law is completely preempted, 'there is, in short, no such thing as a state-law claim.'").

For the second category of federal question cases referenced by *Grable*, a federal court may assert jurisdiction where the state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing the approved balance of federal and state judicial responsibilities."  545 U.S. at 314.  This test is satisfied if: "(1) resolving a federal issue is necessary to resolution of the state-law claim;  (2) the

2

federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP,* 538 F. 3d 334, 338 (5th Cir. 2008).

In support of his motion to remand, Plaintiff contends that he has asserted only state-law claims; therefore, the Court lacks federal question subject matter and removal jurisdiction. Plaintiff additionally argues that Defendants' removal was untimely. Defendants disagree, arguing that the Court has removal jurisdiction because Plaintiff's state law whistleblower claim, asserted pursuant to La. R.S. 23:967, is premised, in part, upon an alleged violation of the Sarbanes-Oxley Act of 2002, 15 U.S.C. §7201, *et seq.* Defendants further contend the "receipt . . . of other paper" provision in 28 U.S.C. §1446(b)(3) renders their removal timely.

Applying the foregoing legal principles, the Court finds Defendants have failed to satisfy their burden of establishing federal question jurisdiction over Plaintiff's claims. As noted in Defendants' opposition memorandum, Plaintiff's petition seeks recovery under state law; federal law does not create the causes of action he alleges.[1] Defendants likewise have failed to establish that Plaintiff's state law whistleblower claim necessarily raises a stated federal issue, actually disputed and substantial, that a federal forum may entertain without disturbing the approved balance of federal and state judicial responsibilities. Rather, Defendants' alleged violation of the Sarbanes-Oxley Act is only one of the multiple legal violations Plaintiff asserts in connection with his state law whistleblower claim. In other words, establishing a Sarbanes-Oxley Act violation is not an essential element of each theory supporting Plaintiff's La. R.S. 23:967 whistleblower claim. Thus,

---

[1] Nor have Defendants demonstrated (or asserted) that the applicable state laws are subject to complete preemption" or that Congress has expressly provided for the removal of the state law claims at issue.

because Plaintiff's state law whistleblower claim is supported by alternative *state law* theories, on which he might prevail, independent of the alleged federal law violation, the deposition testimony offered and elicited by Plaintiff regarding the Sarbones-Oxley Act is not sufficient to provide this Court with removal jurisdiction pursuant to 28 U.S.C. § 1441 and §1331.  *See Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 810-13 (1988)("claim supported by alternative theories in the complaint may not form the basis for section 1338 jurisdiction unless patent law is essential to each of these theories");  *Willy v. Coastal Corp.*, 855 F.2d 1160, 1170-71 (5th Cir. 1988)(applying *Christianson* in context of §1331 federal jurisdiction*);  see also  Wright v. Louisiana State University Health Sciences Center,* No. 13-2262, 2013 WL 5332294, *5-6 (W.D. La.).

### Conclusion

For the reasons stated herein, the Court, on the showing made, does not find federal question jurisdiction to exist relative to the Louisiana state law claims urged in this matter.  Thus, as stated above, this action is remanded to Civil District Court for the Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 12th day of December 2014.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**